## O'CONNOR v. CITY OF DUNKIRK.

(Supreme Court, Appellate Division, Fourth Department.    March 8, 1911.)

1. MUNICIPAL CORPORATIONS (§ 772*)—STREETS—INJURIES—NEGLIGENCE.

A gutter ran down the side of a street, and the crosswalk was elevated above the bottom of the gutter from 2⅞ to 5½ inches, and there was a break between the end of the crosswalk and the sidewalk, leaving a space of 10½ inches over the gutter, over which space pedestrians were required to step in reaching the sidewalk. Plaintiff in the daytime, instead of stepping over such space, stepped into the gutter, which was filled with snow, ice, water, and dirt, but was not sufficiently frozen to hold her weight, though it appeared to be so, and was injured. *Held*, that the city was not negligent for allowing the gutter to fill up with material not sufficiently solid to bear a pedestrian who stepped into, rather than across, the gutter.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1628; Dec. Dig. § 772.*]

2. MUNICIPAL CORPORATIONS (§ 818*)—STREETS—INJURIES—ACTION—ADMISSION OF EVIDENCE.

Where, in an action against a city for injuries by stepping into the gutter, the court ruled that it was not negligence for the city to so construct the crosswalk as to leave a 10½ inch space between it and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sidewalk over the gutter, and that the only basis of recovery was permitting the gutter to fill up with semisolid matter, evidence of a resolution passed by council some days before the accident to the effect that the council regarded the gutterway as dangerous on account of the openings left between the sidewalk and the crosswalk was not admissible.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 818.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
The admission in evidence of such resolution must have been prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

Appeal from Trial Term, Chautauqua County.

Action by Margaret O'Connor against the City of Dunkirk. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Nelson J. Palmer, for appellant.
Thomas J. Cummings, for respondent.

WILLIAMS, J. The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide event.

The action was for negligence. The plaintiff stepped into a gutter in the street and fell down, receiving injuries for which she has recovered. Various questions are raised here; the principal one being that the defendant was not chargeable with actionable negligence causing the injury. The street had a gutter running down the side. The crosswalk was carried across the street at an elevation which raised it 2⅞ to 5½ inches above the bottom of the gutter, and it was stopped so as to leave a space of 10½ inches over which the pedestrian crossing was expected to step in reaching the sidewalk. The plaintiff went over this crosswalk, and, instead of stepping over the gutter to reach the sidewalk, she stepped into the gutter, which was at the time filled with snow, ice, water, and dirt, but not frozen, so as to hold her weight. Very likely it had the appearance of being hard and frozen, and the plaintiff expected she could step upon it and not go to the bottom of the gutter. The court charged the jury that the defendant was not chargeable with negligence by reason of the form of construction of the street, gutter, and crosswalk, but permitted the jury to find there was negligence in allowing the gutter to become filled up with material not hard or frozen so as to bear up the pedestrian crossing over who stepped into rather than across the gutter. I do not think actionable negligence could be predicated upon such a ground. The accident occurred in the forenoon, in broad daylight, early in the month of March. There is liable to be snow, ice, and slush in the streets of cities like Dunkirk. Sometimes it is frozen, at other times soft. The municipality cannot be expected to keep its streets free from this condition. The construction of the streets, gutters, and crosswalks had existed for many years, and the space between the ends of the crosswalks and the sidewalk is liable to have soft material in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it. There is no more difficulty in stepping over this space, across the gutter, when filled with soft material, than when it is empty. It was not expected to be kept frozen or hard and packed down, so as to bear up the weight of the pedestrian going over the crosswalk. The gutter was constructed so as to permit the matter therein to be carried away by surface water, and was not expected or required to be kept packed down and solid. The case was tried and submitted to the jury peculiarly. The law was only stated so as to exclude negligence in the form of the construction of the street, gutter, and crosswalk when requests were made at the close of the main charge. The notice of the claim stated the alleged negligence to be the constructing and maintenance of a public nuisance in the shape of an unprotected gutter or drain, the improper and unsafe manner of constructing the drain and crosswalk, and failure to carry out and fully complete its plans in the construction of the drain, crosswalk, and pavement, and to keep and maintain the crosswalk in a proper state of repair and in a reasonably safe condition for passersby. The court permitted the plaintiff to put in evidence under objection a resolution passed by the common council some days before the accident:

"That the matter of eliminating gutterways along paved streets in this city, which are very dangerous to pedestrians and vehicles on account of the opening left between the sidewalk and the curbs and the pavement sufficiently wide to cause accidents, by having the same cut down to the level of the pavement and connecting the same to the curb, be referred to the street commissioner, city engineer and committee on streets, to report at the next meeting the estimated number of said gutterways still in existence on the old streets and the approximate cost of doing this work."

And then the court in its main charge left the question to the jury whether the city was guilty of negligence in permitting the crosswalk to remain in a dangerous condition. The court in its main charge nowhere suggested that negligence could not be predicated upon the form of the construction of the crosswalk and gutter, and it was only when defendant's counsel by its requests required the court to pass directly upon this question that the instruction was finally procured that negligence could not be predicated upon the manner of the construction of the crosswalk and gutter, and even then the court interposed the word "solely." So that the jury were not quite fully charged that negligence could not be based upon such construction. Very likely the law was at last charged technically correct, but the jury did not have a full statement from the outset that the city had a legal right to maintain the construction as it was, and could only be held liable for negligence by reason of allowing the snow, ice, etc., to accumulate therein and to become thawed up and soft so it would not bear up a person passing over it. How could it be competent to show the common council regarded such construction as dangerous, when this could not be the basis for alleged negligence in the action? I do not think the notice was sufficient to permit a recovery upon the basis on which the verdict was rendered. I do not think the resolution of the common council was competent or proper, and it must have resulted in injury to the defendant on the trial. I do not think the verdict can be

supported under the charge of the court, finally delivered, limiting actionable negligence to the accumulation of snow, ice, etc., in the gutter.

There are some other questions raised by counsel, but I do not think it necessary to discuss them here.

There should be a new trial.   All concur.